**UNITED STATES of America,**
**Petitioner,**

v.

**The FIRST NATIONAL CITY BANK and the Bank of New York,**
**Respondents.**

**No. M 18–304.**

United States District Court,
S. D. New York.

April 4, 1974.

See also, D.C., 388 F.Supp. 1044.

Paul J. Curran, U. S. Atty., S. D. N. Y., New York City (David P. Land, William R. Bronner, Asst. U. S. Attys., Matthew Magnone, Atty. for I. R. S., New York City, of counsel), for petitioner.

Shearman & Sterling, New York City (John E. Hoffman, Jr., New York City, of counsel), for First National City Bank.

Emmet, Marvin & Martin, New York City (Joseph B. Breen, David M. Mahle, New York City, of counsel), for Bank of New York.

## MEMORANDUM

TENNEY, District Judge.

Petitioner, the United States of America, has moved this Court by order to show cause for an order, pursuant to 26 U.S.C. § 7604(a), enforcing two Internal Revenue Service ("IRS") summonses issued upon respondents, The First National City Bank ("Citibank") and The Bank of New York. Respondents oppose the motion on the ground that each of the summonses is defective as a matter of law. For the reasons set out *infra*, the motion is granted.

Although the issues presented by the petition are purely matters of law, a brief summary of the factual background is in order. Sometime in 1970, the shareholders of the common stock of the Hartford Fire Insurance Company ("Hartford") exchanged their Hartford common stock for preferred shares of stock of International Telephone and Telegraph Corporation. At that time, the IRS had ruled that the exchange would be a tax-free transaction. Recently, however, the IRS has reversed that ruling and is presently seeking to ascertain the income tax liability, if any, due and owing from each of the former Hartford shareholders with respect to their 1970 exchange of stock.

Although the IRS possesses a list of the "record" shareholders of Hartford who participated in the exchange, in some instances the "record" shareholders are indicated as nominee accounts maintained at banks and financial institutions including the respondents. The summonses in issue seek to obtain from the respondents certain information with respect to the actual shareholders, including their names, addresses, social security numbers and the number of shares held.

The first summons was issued and served upon the respondent Citibank on March 13, 1974. The second summons was issued and served upon the respondent Bank of New York on March 25, 1974. Each of those summonses was executed by an IRS employee holding the job title of "Estate Tax Attorney" and therein lies the "rub". It is respondents' contention that on the date each of the summonses was issued IRS Estate Tax Attorneys were not authorized to issue such summons; that from December 18, 1973 to the present date only the Secretary of Treasury ("Secretary") or the Commissioner of Internal Revenue ("Commissioner") was empowered by law to issue summonses. Thus, as all parties agree, the only question before the Court is whether, from December 18,

1973 to the present date, an Estate Tax Attorney employed by the IRS has the authority to issue a summons.

The authority to issue summonses in connection with tax matters is vested in § 7602 of the Internal Revenue Code of 1954. That section provides, in pertinent part:

"For the purpose of . . . determining the liability of any person for any internal revenue tax . . . or collecting any such liability, the Secretary or his delegate is authorized ―

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry . . . ." 26 U.S.C. § 7602.

Thus, by statute, the Secretary of the Treasury, or his delegate, is empowered to issue a summons in connection with an investigation into any tax liability. Section 7701(a)(12)(A) further defines the phrase "Secretary or his delegate":

"The term 'Secretary or his delegate' means the Secretary of the Treasury, or any officer, employee, or agency of the Treasury Department duly authorized by the Secretary (directly, or indirectly by one or more redelegations of authority) to perform the function mentioned or described in the context, and the term 'or his delegate' when used in connection with any other official of the United States shall be similarly construed." 26 U.S.C. § 7701(a)(12)(A).

Pursuant to the authority vested in him by 26 U.S.C. § 7602, the Secretary issued a Treasury regulation delegating the power to issue summonses in connec-

tion with tax matters to certain named IRS employees. 26 C.F.R. § 301.7602–1. Among those employees named were Estate Tax Examiners. 26 C.F.R. § 301.-7602–1(c)(5) and (7).

Respondents contend that the power of Estate Tax Examiners to issue summonses was terminated on December 18, 1973 by Treasury Decision 7297, 38 F.R. 34803 (Dec. 19, 1973). That decision provided, in pertinent part:

"Par. 2. Section 301.7602–1 is amended by deleting paragraph (c) and revising paragraph (b) to read as follows:

§ 301.7602–1 Examination of books and witnesses.

\* \* \* \* \* \*

(b) *Summons.* For the purposes described in paragraph (a) of this section the Commissioner is authorized to summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of accounts containing entries relating to the business of the person liable for tax or required to perform the act, or any other person deemed proper, to appear before a designated officer or employee of the Internal Revenue Service at a time and place named in the summons and to produce such books, papers, records, or other data . . . ."

Thus, respondents argue, on December 18, 1973, the authority to issue summonses was removed from all previously designated personnel and given solely to the Commissioner (in addition to the Secretary) and that, therefore, since the summonses served upon Citibank and the Bank of New York were not issued by the Commissioner they are not valid.

The petitioner, in opposition to respondents' position, cites to Delegation Order No. 4 issued by the Commissioner on April 30, 1973. That order delegates the authority granted to the Commissioner by several Treasury Regulations, including that granted by 26 C.F.R. § 301.7602–1—*viz.*, the power to issue

summonses—to several employees of the IRS. Among those to whom the authority to issue summonses is delegated are Estate Tax Attorneys. Respondents, in turn, oppose this argument by pointing out that Delegation Order No. 4 predated Treasury Decision 7297 by some eight and one-half months; that Treasury Decision 7297 was intended to and did, in fact, divest all IRS personnel, except the Commissioner, of the authority to issue summonses; that since December 18, 1973 (the date of issue of Treasury Decision 7297) the Commissioner has neither issued a new Delegation Order nor reissued Delegation Order No. 4; and that, therefore, since December 18, 1973, Estate Tax Attorneys have been without the authority to issue summonses. Respondents further claim that this contention is supported by the preamble to Treasury Decision 7297 which, in part, states:

> "These amendments accomplish two objectives. First, they remove the authority of certain designated Internal Revenue Service personnel to issue summons, serve a summons, administer an oath, etc., and give that authority to the Commissioner. It is anticipated that the Commissioner in turn will issue delegation orders empowering appropriate Internal Revenue Service personnel to perform the various tasks." 38 F.R. 34803 (Dec. 19, 1973).

Consequently, respondents reiterate, the summonses in issue are invalid.

Thus, the question before this Court is even further narrowed: Did Treasury Decision 7297 render Delegation Order No. 4 void and, therefore, require the Commissioner to issue a new Delegation Order? Petitioner, in maintaining that the answer to this question is in the negative, offers a two-pronged argument: (1) Treasury Decision 7297 was never intended to vest the authority to issue summonses solely in the Commissioner and (2) that Delegation Order No. 4 was not rendered void by Treasury Decision 7297. The Court finds itself in agreement with both points.

In connection with point (1), petitioner has submitted the affidavit of David A. Rood, an employee of the Legislation and Regulations Division of the Office of Chief Counsel of the Internal Revenue Service. Mr. Rood was apparently directly involved in the drafting of Delegation Order No. 4 and Treasury Decision 7297. He states in his affidavit that the issuing of Delegation Order No. 4 was prompted by a change in the job titles of some of the IRS officials and employees to whom the power of issuing summonses was delegated by 26 C.F.R. § 301.7602–1(c). Thus, the purpose of Delegation Order No. 4 was to insure that the delegation of the Commissioner's authority to issue summonses reflected the proper job titles of those to whom the authority was delegated.

He further states that since the job titles in 26 C.F.R. § 301.7602–1(c) were outdated, Treasury Decision 7297 was promulgated with the intention of eliminating those obsolete job titles. This was accomplished by eliminating § 301.-7602–1(c) and vesting the authority to issue summonses in the Commissioner. Although it is not so stated in the affidavit, the Court may fairly draw the inference that the object of vesting the power in the Commissioner's name only was to avoid any future confusion which might be caused by further changes in job titles. Mr. Rood further states that he drafted the preamble to Treasury Decision 7297 and that it was never his intention to withdraw the authority to issue summonses from those IRS employees named in Delegation Order No. 4.

Respondents do not dispute what the intent of the IRS may have been. Rather, they contend that that intent should not prevail over the clear and unequivocal terms of the new Treasury Regulation § 301.7602–1(b). That regulation, they maintain, vests the authority to issue summonses solely in the Commissioner, notwithstanding the intent of the IRS.

The Court, while finding itself in agreement with petitioner's point (1),

does not, however have to rest its decision on that ground alone since it finds, as a matter of law, that Delegation Order No. 4 is still in full force and effect.

Both petitioner and respondents agree that the Commissioner is authorized to delegate to other IRS employees any powers delegated to him by the Secretary.

"(c) An officer or employee, including the Commissioner, authorized by regulations or Treasury decision to perform a function shall have authority to redelegate the performance of such function to any officer or employee performing services under his supervision and control, unless such power to so redelegate is prohibited or restricted by proper order or directive. The Commissioner may also redelegate authority to perform such function to other officers or employees under his supervision and control and, to the extent he deems proper, may authorize further redelegation of such authority." 26 C.F.R. § 301.-7701–9(c).

It is also agreed that Treasury Decision 7297 did not prohibit the Commissioner from redelegating the authority to issue summonses. The parties do not agree, however, that the Commissioner possessed the authority to issue summonses prior to December 18, 1973.

Respondents maintain that, since 26 C.F.R. § 301.7602–1(c) did not specifically name the Commissioner as one of those IRS employees to whom the power was delegated, he did not possess that power until he was so named by Treasury Decision 7297. Respondents overlook, however, 26 C.F.R. § 301.7701–9(b) which provides, in pertinent part:

"(b) In any case in which a function is vested by the Internal Revenue Code of 1954 . . . in the Secretary or his delegate, and Treasury regulations or Treasury decisions approved by the Secretary or his delegate provide that such function may be performed by the Commissioner . . . ., such provision in the regulations or Treasury decision shall constitute a delegation by the Secretary of the authority to perform such function to the designated officer or employee. *If such authority is delegated to any officer or employee performing services under the supervision and control of the Commissioner, such provision in the regulations or Treasury decision shall constitute a delegation by the Secretary to the Commissioner of the authority to perform such function and a redelegation thereof by the Commissioner to the designated officer or employee.*" 26 C.F.R. § 301.-7701–9(b) (emphasis added).

Thus, it is clear to the Court that the Commissioner possessed the authority to issue summonses since the promulgation of the original 26 C.F.R. § 301.7602–1. Furthermore, the original § 301.7602–1(c) is to be construed as a delegation of that authority by the Secretary to the Commissioner and a redelegation by the Commissioner to the named IRS employees. It logically follows, then, that the Commissioner. enjoyed an uninterrupted authority to redelegate any powers delegated to him by the Secretary since the promulgation of 26 C.F.R. § 301.7701–9—a span of time which encompasses the period from April 30, 1973 to this date.

Therefore, the Court draws the following conclusions of law: (1) Delegation Order No. 4 was a valid delegation of the Commissioner's authority on April 30, 1973; (2) Treasury Decision 7297 did not prohibit the Commissioner from redelegating his authority, did not revoke any prior redelegations other than that contained in 26 C.F.R. § 301.7602–1(c), and did not require him to reissue any previous redelegation not specifically revoked; (3) Delegation Order No. 4 is, and has been, in full force and effect from April 30, 1973 to this date; and (4) Estate Tax Attorneys are authorized to issue summonses pursuant to 26 U.S.C. § 7602.

Accordingly, the motion is granted. So ordered.