### UNITED STATES of America

**v.**

### James L. McCALL, Jr.

### No. SCR 89–15.

United States District Court, N.D. Indiana, South Bend Division.

Jan. 4, 1990.

Thomas O. Plouff, U.S. Atty., South Bend, Ind., for plaintiff.

Cindy K. Lail, St. John, Ind., Lowell H. Becraft, Jr., Huntsville, Ala., for defendant.

### MEMORANDUM OPINION AND ORDER

ALLEN SHARP, Chief Judge.

**I.**

James L. McCall, Jr., criminal defendant in the above cause, moves this court to suppress evidence obtained by the United States (the Internal Revenue Service) through the issuance of administrative (I.R.S. Form 2039) summonses. McCall alleges the I.R.S. Special Agent who issued the summonses was not so empowered, and, accordingly, the evidence acquired was illegally obtained and must be suppressed.

Congress has authorized the Secretary of the Treasury, for the purpose of establishing the amount of a taxpayer's liability or ascertaining the correctness of his return, to summon:

> the person liable for tax ... or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax ... to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry ...

26 U.S.C. § 7602(a)(2). Seldom does the Secretary himself summon such persons or papers. Rather, he relies upon his delegate(s) to perform these ministerial tasks. McCall does not dispute the authority, when properly delegated, of inferior Treasury Department (including Internal Revenue Service) officers to carry out these functions. Instead, he challenges the compliance with required delegation procedures. Specifically, he argues that, be-

cause the delegation orders were not "recently" published in the Federal Register, as mandated by the Federal Register Act and the Administrative Procedure Act, the summonses were illegally issued, and the evidence thereby acquired must be suppressed.

Congress enacted the Federal Register Act (F.R.A.) in 1935 for the stated purpose of "provid[ing] for the custody of Federal proclamations, orders, regulations, notices, and other documents, and for the prompt and uniform printing and distribution thereof." Federal Register Act, ch. 417, 49 Stat. 500 (1935) (current version at 44 U.S.C. §§ 1501–1511). The Act established the Federal Register and required the publication of, *inter alia*, executive department (and agency) orders and regulations which are of "general applicability and legal effect." 44 U.S.C. § 1505(a). Any document which prescribes a penalty is deemed to have general applicability and legal effect. *Id.* Section 1507 prescribes the effect of a failure to publish as required: "A document required by section 1505(a) of this title to be published in the Federal Register is not valid as against a person who has not had actual knowledge of it until the duplicate originals ... have been filed with the Office of the Federal Register...." 44 U.S.C. § 1507.

In 1946 Congress enacted the Administrative Procedure Act (A.P.A.) "to improve the administration of justice by prescribing fair administrative procedure." Administrative Procedure Act, ch. 324, §§ 1–12, 60 Stat. 237 (1946). The A.P.A. provides in part:

> Each agency shall ... currently publish in the Federal Register ... (A) descriptions of its central and field organization ... [and] (B) statements of the general course and method by which its functions are channeled and determined.... [A] person may not in any manner be required to resort to, or be adversely affected by, a matter required to be pub-

lished in the Federal Register and not so published.

5 U.S.C. § 552(a)(1).

McCall maintains the F.R.A. and the A.P.A. stand for the proposition that delegation orders issued by agency heads and subdelegation orders issued by subordinate officers are required to be published in the Federal Register in order to be effective against, and applicable to, members of the public. If not so published, McCall submits, the orders cannot adversely affect anyone. McCall concedes that Commissioner's Order No. 4 represents the agency's delegation to inferior officers of the authority to issue summonses. The I.R.S. first promulgated this Order on June 7, 1955, at Federal Register volume 20, page 4143. To date, the IRS has since issued some nineteen revisions to the original Order. The most recent (Rev. 19) became effective on January 26, 1989. McCall claims that only the first fifteen revisions were properly published in the Federal Register, and that, because the last four [1] were not so published, they are not enforceable.

The government responds by arguing, first, that the relevant delegation orders are matters of agency procedure or practice and need not be published in the Federal Register by virtue of 5 U.S.C. § 553(b)(3)(A). Second, the government claims that, for McCall to be entitled to relief, he must show some adverse effect from nonpublication of the delegation orders.

For reasons described herein, the court DENIES McCall's motion to suppress the evidence which the Internal Revenue Service obtained using administrative summonses.

## II.

The court begins by noting that McCall's brief does not specify a single case which stands for the proposition he asks this court to adopt—namely, that delegation orders within a federal agency are ineffective unless first published in the Federal Register. McCall refers the court, instead, to

---

**1.** McCall never specifies under which unpublished revision of Commissioner's Order No. 4 that he claims to have been illegally subject to the administrative summonses.

various cases which hold that the authority of administrative officers to delegate the subpoena power may not be inferred. Such discussion is completely inapposite to the matter presently before the court. It is well established, and McCall acknowledges, that the Secretary of the Treasury enjoys significant latitude to invest his subordinates with the authority to issue administrative summonses. *See, e.g., United States v. First National City Bank*, 388 F.Supp. 1039 (S.D.N.Y.1974); 26 U.S.C. §§ 7602(a)(2), 7701(a)(11)(B); 26 C.F.R. §§ 301.7602–1(b), 301.7603–1(b). The germane question is whether the Secretary's recent failure to publish such delegation orders in the Federal Register renders them ineffective. The court holds it does not.

It is well-settled that "rules of agency organization, procedure, or practice" need not be published to be effective. *D & W Food Centers, Inc. v. Block*, 786 F.2d 751 (6th Cir.1986); 5 U.S.C. § 553(b)(3)(A). The court finds the delegation orders at issue here to be such rules of internal agency procedure, obviating their publication in the Federal Register.

Additionally, 5 U.S.C. § 552 requires publication only of those matters which, if not published, would adversely affect a member of the public. McCall has not advanced (nor can the court conceive of) any argument explaining how the Secretary's failure to publish intra-agency delegation orders adversely affects him. *See Hogg v. United States*, 428 F.2d 274, 280 (6th Cir. 1970), *cited with approval in State of New York v. Lyng*, 829 F.2d 346, 354 (2d Cir. 1987); *United States v. Fitch Oil Co.*, 676 F.2d 673, 678 (Temp.Emer.Ct.App.1982); and *United States v. Goodman*, 605 F.2d 870, 887–88 (5th Cir.1979).

### III.

Accordingly, the court DENIES McCall's motion to suppress the evidence which the United States obtained using administrative summonses. IT IS SO ORDERED.