919 F.2d 145
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Albert R. SALMAN, Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 89-16225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 27, 1990.*
Decided Nov. 29, 1990.
 Before WALLACE, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert R. Salman appeals pro se the district court's order granting the government's cross-motion for summary judgment and denying Salman's motion for summary judgment. Salman contends the district court erred in denying his motion for disqualification of the district court judge, and in deciding that the Internal Revenue Service's (IRS) response to Salman's requests had satisfied its obligations under the Freedom of Information Act (FOIA).
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review a grant of summary judgment de novo. See Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We affirm.
 
 
 4
 * Recusal
 
 
 5
 This court reviews a denial of a motion for recusal for an abuse of discretion. See United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) (citation omitted). "The standard for recusal under 28 U.S.C. Secs. 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " Studley, 783 F.2d at 939.
 
 
 6
 Under section 144, a party must file a timely affidavit setting forth facts and reasons for the belief that bias or prejudice exists. See 28 U.S.C. Sec. 144. An affidavit filed pursuant to section 144 is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source. See United States v. Sibla, 624 F.2d 864, 868 (9th Cir.1980) (citations omitted).
 
 
 7
 In his motion for disqualification, Salman asserts that the judge had "a personal bias, personal prejudice and a personal interest" against him. In his memorandum and accompanying affidavit, Salman cites as facts and reasons in support of this assertion his status as a "lawful non-taxpayer," the judge's ownership of government securities and the fact that the judge is salaried by the government. Salman's statements, however, are merely conclusions devoid of the specific fact allegations required under section 144. See Sibla, 624 F.2d at 868. Accordingly, the district court properly rejected Salman's affidavit as legally insufficient.
 
 
 8
 Salman's allegations of bias and prejudice would not lead a reasonable person with knowledge of all the facts to conclude that the judge's impartiality might be reasonably questioned. See Studley, 783 F.2d at 939. Therefore, the district court properly denied Salman's motion. See id.; 28 U.S.C. Sec. 455.
 
 II
 FOIA Request
 
 9
 Salman contends the IRS has failed to produce certain "tax liens" pursuant to his FOIA request. He argues the government denies the particular documents exist; thus, summary judgment in his favor is required. This contention lacks merit.
 
 
 10
 On February 21, 1989, Salman filed a complaint pursuant to FOIA against the IRS for failure to produce certain documents concerning federal tax liens pursuant to 26 U.S.C. Sec. 6321. In a letter dated October 27, 1988, Salman made an FOIA request for "federal tax liens" pursuant to Sec. 6321 for tax years 1976, 1977, 1979, 1980, 1981, and 1984. On November 4, 1988, he made a similar request for a notice of those liens. On November 16, 1988, the government mailed sixteen "notice of federal tax lien" documents to Salman.
 
 
 11
 A tax lien arises automatically after the taxpayer refuses or neglects to pay the tax due after demand. See 26 U.S.C. Sec. 6321. The lien arises on the date the tax is assessed. Thus, no documents are necessary to evidence the existence of the lien.[1]
 
 
 12
 Moreover, the government fulfilled the FOIA request by supplying the documents evidencing a notice of lien. They are the only documents in existence concerning Salman's tax lien. The FOIA does not require an agency to create documents not already in existence in order to satisfy a citizen's request. See Kissinger v. Reporter's Comm. for Freedom of the Press, 445 U.S. 136, 152 (1979); NLRB v. Sears, Roebuck and Co., 421 U.S. 132, 162 (1975). Since the IRS responded by sending all the requested documents in its possession, the district court did not err in granting the government's motion for summary judgment, and denying Salman's motion for summary judgment. See id.[2]
 
 III
 Sanctions
 
 13
 We have discretion to impose sanctions pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38, even where the appellant appears pro se. See Grimes v. C.I.R., 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). Sanctions are appropriate when the appeal is frivolous, i.e., the result is obvious or the arguments are "wholly without merit." Wilcox v. C.I.R., 848 F.2d 1007, 1009 (9th Cir.1988). Because Salman's arguments before this court are frivolous, we impose sanctions against him in the amount of $500.00.
 
 
 14
 AFFIRMED WITH SANCTIONS.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 Section 6321 provides:
 If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
 
 
 [2]
 Salman also argues that no IRS official has been delegated the authority to issue notices of federal tax liens because the Treasury Department orders delegating such authority are not published in the Federal Register. However, the validity of the delegation of authority by the Treasury Department to the IRS does not depend upon publication. See Van Sant v. United States, 90-1 U.S. Tax Cas. (CCH) p 50,179 (D.Colo.1990); see also United States v. McCall, 727 F.Supp. 1252, 1254 (N.D.Ind.1990) (delegation orders as rules of internal agency procedure need not be published in the Federal Register to be effective)