944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert R. SALMAN, Plaintiff-Appellant,
v.
SPARKS LITTLE LEAGUE, Steven Kenzer, Defendants,
United States of America, Defendant-Appellee.
 No. 90-16216.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 11, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert R. Salman appeals pro se the district court's judgment in favor of the United States in his action to recover $100.00 in wages due from Sparks Little League which were levied by Internal Revenue Service ("IRS") Revenue Officer Steven Kenzer. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 The IRS assessed federal income tax deficiencies against Salman for tax years 1979, 1980, 1981, and 1984. After notice and demand for payment, Salman failed to pay the assessed amount. Revenue Officer Kenzer served a levy on Sparks Little League. In compliance with the levy, Sparks Little League paid $100.00 to the IRS in wages due to Salman.
 
 
 5
 Salman originally filed this action in Small Claims Court of Sparks Township, Nevada alleging that the $100.00 had been "stole[n]" by Sparks Little League and Kenzer. The United States removed the case to federal district court, substituted itself as defendant for Kenzer pursuant to 28 U.S.C § 2679(b) & (d), and filed a motion to dismiss or, in the alternative, for summary judgment. The district court granted the United States' motion. The court found that Salman's action was a suit to recover "taxes allegedly improperly collected" by the IRS and as such was barred by 26 U.S.C. § 7422 because Salman had not filed a refund claim with the IRS. Salman timely appeals.
 
 II
 Analysis
 
 6
 Section 7422(a) of the Internal Revenue Code ("Code") provides:
 
 
 7
 [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, ... or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary.
 
 
 8
 The filing of a refund claim is a "jurisdictional prerequisite" to a suit seeking a recover taxes which have been erroneously or illegally collected. See Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir.1985). Here, Salman sought to recover $100.00 in wages[1] collected by IRS Revenue Officer Kenzer pursuant to an IRS tax levy. Thus, the district court properly characterized Salman's action as a suit to recover money "alleged to have been erroneously or illegally assessed or collected." 26 U.S.C. § 7422.[2] On appeal, Salman does not contend that he filed a refund claim with the IRS. Instead, he argues that (1) the levy was improper because the IRS failed to reduce its assessment to a court judgment before levying, (2) Kenzer was not authorized to levy Salman's property because the treasury delegation orders authorizing collection were not published in the federal register, and (3) as a "non-taxpayer" he is not to required to comply with section 7422. Because Salman has failed to file a refund claim, as is required by section 7422, the district court properly held that it lacked jurisdiction over his action. See Boyd, 762 F.2d at 1371; Kelly v. Springett, 527 F.2d 1090, 1093 (9th Cir.1975) ("regardless of the form of the action to recover funds seized on an assessment, an absolute prerequisite to its maintenance is the filing of a claim for refund or for a proper credit pursuant to the statutes"). Consequently, we do not reach the merits of Salman's claims.[3]
 
 III
 Sanctions
 
 9
 The government requests sanctions against Salman for bringing this appeal.[4] This court has discretion to impose sanctions against litigants, even pro se, for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted).
 
 
 10
 Here, Salman's contention that the district court erred in finding that it did not have jurisdiction over his action is wholly without merit. Accordingly, we impose sanctions of $1,500.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal Salman contends that his earnings from Sparks Little League were "compensation for labor[,] not wages." His contention that "wages" and "compensation for labor" are somehow different is perplexing. "Wages" are defined as "money paid an employee at relatively short intervals, often daily, or weekly esp. for manual or physical labor." Webster's New World Dictionary, (D. Guralnik 2d ed. 1984). To the extent this is an attempt by Salman to assert the well-worn argument that wages (or in his lexicon, "compensation for labor") are not income subject to federal income tax, this argument is patently frivolous. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988) (for purposes of federal income tax, "wages are income")
 
 
 [2]
 Even if we were to construe Salman's action as a common law tort claim, the action would be barred because (1) the United States properly was substituted for Kenzer under 28 U.S.C. § 2679(b) & (d), and (2) the United States is immune from tort liability for actions arising from the collection of any tax pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2680(c)
 
 
 [3]
 Even if we were to decide Salman's claims, they are meritless. Taxpayers are not entitled to a judicial hearing prior to the collection of an IRS tax levy. See Tavares v. United States, 491 F.2d 725, 726 (9th Cir.1974), cert. denied, 420 U.S. 925 (1975). Treasury delegation orders ("TDOs") from the Secretary of the Treasury to the IRS and its officers need not be published to be valid. See Lonsdale v. United States, 919 F.2d 1440, 1445-46 (10th Cir.1990) (TDOs to IRS need not be published in the federal register); accord Reimer v. United States, 90-1 U.S.Tax Cas. (CCH) p 50,285 (D.Haw.1990); Murdock v. United States, 90-2 U.S.Tax Cas. (CCH) p 50,179 (D.Colo.1990); United States v. McCall, 727 F.Supp. 1252, 1253 (N.D.Ind.1990). And finally, section 7422(a), by its language, is not limited to actions by "taxpayers." Thus Salman's argument that it does not apply to him because he is a "non-taxpayer" is completely irrelevant. 26 U.S.C. § 7422(a)
 
 
 [4]
 The government also urges us to dismiss this appeal because Salman, a frequent litigant, has failed to pay previous sanctions imposed by this court. While we decline to do so, we admonish Salman that future frivolous filing may warrant such measures and at the very least are likely subject him to further monetary sanctions