**UNITED STATES of America,
Appellant,**

v.

**Joan D. HAYES, Appellee.**

**No. 9099.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 11, 1963.

Decided Dec. 9, 1963.

Peter Edelman, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Claude V. Spratley, Jr., U. S. Atty., and Sherman L. Cohn and David J. McCarthy, Jr., Attys., Dept. of Justice, on the brief), for appellant.

Eli S. Chovitz, Norfolk, Va. (Steingold, Steingold & Chovitz, Norfolk, Va., on the brief), for appellee.

Before BOREMAN, BRYAN and BELL, Circuit Judges.

## PER CURIAM.

■ We must disagree with the holding of the District Court that the Comptroller General's designation of one of his employees to certify copies of records in the General Accounting Office is invalid because not published in the Federal Register. The publication was not required by § 3(a) of the Administrative Procedure Act, 5 U.S.C. § 1002(a),[1] the basis of the decision below, but was excepted therefrom by its own terms as a "matter relating solely to the internal management of an agency". No such requirement, we note as well, appears in the Federal Register Act. 44 U.S.C. § 305 (Supp.1962).

■ The United States initiated this action in the District Court for the recovery of overpayments of allotments to the wife of a serviceman. Photostatic copies of the checks certified as true by an employee of the Comptroller General were offered in evidence.[2] Objection to

---

1. Section 3 of the Administrative Procedure Act, 5 U.S.C. 1002 (1958) provides in part:

   "*Except to the extent that there is involved * * * (2) any matter relating solely to the internal management of an agency—*

   "(a) Every agency shall separately state and currently publish in the Federal Register (1) descriptions of its central and field organization including delegations by the agency of final authority and the established places at which, and methods whereby, the public may secure information or make submittals or requests; (2) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal or informal procedures available as well as forms and instructions as to the scope and contents of all papers, reports, or examinations; and (3) substantive rules adopted as authorized by law and statements of general policy or interpretations formulated and adopted by the agency for the guidance of the public, but not rules addressed to and served upon named persons in accordance with law. No person shall in any manner be required to resort to organization or procedure not so published." (Accent ours.)

2. 28 U.S.C. § 1733 (1958) provides:

   "(b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the originals thereof."

   Section 306 of the Budget and Accounting Act, 1921, 31 U.S.C. § 46 provides:

   "All laws relating generally to the administration of the departments and establishments shall, so far as applicable, govern the General Accounting Office. Copies of any books, records, papers, or documents, and transcripts from the

their admission on the ground that there was no proof of their genuineness—that the certifying official was not shown to have been empowered to act for the Comptroller General—was seasonably but unsuccessfully interposed. Afterwards a verdict for the United States was directed; whereupon the defendant moved for a judgment non obstante veredicto.

This motion reasserted the objection to the authentication of the copies. In response the United States produced the order of the Comptroller General giving the employee authority to certify copies of records in the Office. Because this order, confessedly had not been published in the Federal Register, the Court reversed its ruling and found the check reproductions incompetent to prove the overdrafts. With no other proof of the indebtedness, the directed verdict was vacated and judgment entered for the defendant.

The instant delegation of authority was, concededly, justified under § 311(e)[3] of the Budget and Accounting Act. But, we conclude, it also comes squarely within the "internal management" exemption of § 3 of the Administrative Procedure Act.

■ That the certification was to be used outside of the General Accounting Office, and in a controversy between the United States and someone without the agency, does not change its character as merely an incident of the intramural economy of the agency. The obvious purpose of it was to relieve the Comptroller General and his Assistant of a purely administrative duty. Almost every act in the functioning of a Government agency will ultimately be felt be-

yond its precincts. If this possible touch with the outside removes such part of the agency's work from the category of "internal management", then the statutory exception would be meaningless.

■ To be within the publication requirement of § 3(a), a step in the agency's operation must affect private or public interests more directly than does the attestation of its records. It must, too, be of such a nature that knowledge of it is needed to keep the outside interests informed of the agency's requirements in respect to any subject within its competence, as a guide in the conduct of their day-to-day affairs, and to instruct them in regard to the presentation to the agency of any such subject for impartial consideration or action thereon. Cf. Airport Commission of Forsyth County v. C. A. B., 300 F.2d 185, 188 (4 Cir. 1962, with opinion by Judge Bell); Kempinski v. Greene, 292 F.2d 820, 822 n. 2 (3 Cir. 1961); Cafeteria & Restaurant Wkrs. v. McElroy, 109 U.S.App.D.C. 39, 284 F.2d 173, 179 (D.C.Cir. 1960), aff'd 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); T.S.C. Motor Freight Lines v. United States, 186 F.Supp. 777, 786 (D.C. Texas 1960, 3-judge court), aff'd sub nom., Herrin Transportation Co. v. United States, 366 U.S. 419, 81 S.Ct. 1356, 6 L.Ed.2d 387 (1961). The power presently granted by the Comptroller is not of this stature.

The judgment of the District Court must be vacated and, as neither party seeks a new trial, the case will be remanded for entry of a judgment in accordance with the directed verdict.

Reversed and remanded with directions.

---

books and proceedings of the General Accounting Office, when certified by the Comptroller General or the Assistant Comptroller General under its seal, shall be admitted as evidence with the same effect as the copies and transcripts referred to in sections 661 and 665 of Title 28." [28 U.S.C. §§ 661, 665 (1940) were consolidated into 28 U.S.C. § 1733 (1958) in order to delete obsolete and repetitive provisions in such sections.]

3. Section 311(e) of the Budget and Accounting Act, 1921, 31 U.S.C. § 52(e), provides:
  "(e) All official acts performed by such officers or employees specially designated therefor by the Comptroller General shall have the same force and effect as though performed by the Comptroller General in person."