FRANK W. STAMOS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

LORNA D. STAMOS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5621-89, 5622-89. Filed December 12, 1990.

Frank W. Stamos and Lorna D. Stamos, pro se.
*Bridgette M. Gibson,* for the respondent.

OPINION

PARR, *Judge:* Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows:

*Frank W. Stamos*
*docket No. 5621-89*

| Year | Deficiency | Additions to tax | | | | |
|------|-----------|-------------------|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6654 | Sec. 6661 |
| 1981 | $27,259 | $6,815 | $1,363 | [1] | $2,088 | --- |
| 1982 | 15,471 | 3,868 | 774 | [1] | 1,506 | $3,868 |
| 1983 | 8,496 | 2,124 | 425 | [1] | 520 | 2,124 |
| 1984 | 8,324 | 2,081 | 416 | [1] | 523 | 2,081 |

[1] 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.

*Lorna D. Stamos*
*docket No. 5622-89*

| Year | Deficiency | Additions to tax | | | | |
|------|-----------|-------------------|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6654 | Sec. 6661 |
| 1981 | $24,497 | $6,124 | $1,225 | [1] | $1,877 | --- |
| 1982 | 12,442 | 3,111 | 622 | [1] | 1,211 | $3,110 |
| 1983 | 5,158 | 1,290 | 258 | [1] | 315 | 1,289 |
| 1984 | 4,053 | 1,013 | 203 | [1] | 255 | --- |

[1] 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

These cases were consolidated for trial, briefing, and opinion. Shortly before the scheduled trial date, petitioners filed a motion to dismiss pursuant to Rule 53 alleging that the statutory notices of deficiency were invalid, because they were issued by a person who lacked delegated author-

ity. At the hearing on petitioners' motions and trial of these cases respondent filed a cross-motion to dismiss for failure to properly prosecute and a motion for damages under section 6673. The motions were taken under advisement and trial of the consolidated cases proceeded.

The issues presented for decision are:

(1) In regard to petitioners' motion to dismiss, whether the notices of deficiency issued to petitioners herein are invalid; if not,

(2) in regard to respondent's motions, whether petitioners failed to properly prosecute their case and whether respondent is entitled to an award for damages pursuant to section 6673; and

(3) whether petitioners are liable for the deficiencies and additions to tax as determined by respondent.

Petitioners resided in Lodi, California, at the time they filed their petitions. Petitioner Lorna Stamos appeared at trial but did not offer evidence. She indicated she agreed with her husband.

Unless otherwise indicated, all references to petitioner refer to Frank W. Stamos.

For taxable years ending December 31, 1979, and December 31, 1980, petitioners filed joint Federal income tax returns. However, they failed to file returns for taxable years 1981 through 1984. Pursuant to section 6020(b) respondent prepared separate substitute returns for petitioners. On December 29, 1988, respondent sent petitioners the notices of deficiency here in issue. All notices were signed on behalf of respondent by the District Director, Sacramento, California, Office of the Internal Revenue Service (IRS).

Petitioners timely invoked the jurisdiction of the Court by filing their respective petitions seeking redetermination of the deficiencies.

During informal pretrial discovery, petitioners failed to provide documentation to support their income amount or entitlement to any credits or deductions, even though respondent made several attempts to ascertain the information. Instead, petitioner made "informal discovery requests" to respondent asking a battery of standard tax protestor questions, including: "Do the respondents [sic] records

indicate that the petitioner is a citizen" or "a resident of the United States," "Do the respondents contend that the State of California is included in the term 'United States' as used in section 6012-1(a)(1)(i) & (ii), [sic]" and "Do the respondents contend that the petitioner is an individual required to make returns of income pursuant to 26 U.S.C. 6012 and 26 C.F.R. 1.6012-1." On January 16, 1990, petitioner filed a motion to compel response to those requests, which was denied.

Additionally, petitioner requested information under the Freedom of Information Act and information on the authority of revenue officers to determine deficiencies. Respondent's agents provided some of the information requested, and advised petitioner to seek other information through respondent's counsel, since the petitions for redetermination had been filed in this Court.

Three weeks before trial respondent's counsel sent petitioners a proposed stipulation of facts. One week before trial petitioner met with respondent's counsel. However, petitioner again failed to produce any documents, and failed to sign the stipulation of facts.

After the hearing on the motions, the Court asked petitioners whether they wanted to discuss the substantive issues raised in the notices of deficiency. Petitioner replied:

No. * * * I believe that there is no notice of deficiency before the Court. Because the Secretary of the Treasury did not determine them, as the code section requires, and the Secretary of the Treasury himself did not sign or send them.

THE COURT: All right. Well, I just want you to know this is the only chance you're going to have to raise this issue. If I should * * * rule in favor of the government, and you have not put on any substantive evidence about the matters raised in the notice of deficiency, you will lose for failing to carry your burden of proof. Do you understand that?

Thereafter, petitioners offered evidence only on the addition under section 6654.

### Petitioners' Motions

Petitioners' motions to dismiss are predicated upon allegations that the notices of deficiency are invalid, because they were issued by a person not duly authorized to do so. Petitioners, relying on the language contained in Commis-

sioner's Delegation Order (DO) No. 77 (Rev. 24),[1] allege that neither respondent nor the District Director had authority to send the notices of deficiency here in issue for the following reasons:

(1) Treasury Department Order No. 150-10,[2] was not published in the Federal Register in accordance with section 5 of the Federal Register Act (FRA)[3] and section 3 of the Administrative Procedure Act (APA).[4] Therefore, the Secretary of the Treasury (Secretary) did not properly delegate to respondent authority to send statutory notices of deficiency.

(2) Even if respondent had authority to send notices of deficiency, he lacked delegated authority to propose regulations, with the approval of the Secretary, under sections 6212 and 7701 delegating that authority to the District Director. That is, section 301.7805-1, Proced. & Admin. Regs.,[5] is invalid because it was not properly proposed as a rule or a regulation in accordance with section 4(a) and (c) of the APA,[6] or published as required by section 5 of the FRA.

(3) Even if section 301.7805-1, Proced. & Admin. Regs., is valid, paragraph 22 of Treasury Decision 6118, 1955-1 C.B. 698, was not properly proposed as a rule or regulation in accordance with section 4(a) of the APA[7] and section 301.7701-9, Proced. & Admin. Regs., did not supersede paragraph 22. Additionally, section 301.6212-1, Proced. &

---

[1]Delegation Order (DO) No. 77 (Rev. 24), 54 Fed. Reg. 10612 (Mar. 14, 1989), effective Mar. 9, 1989, states in relevant part the following:

1. The authority granted to the Commissioner of Internal Revenue and District Directors, by 26 CFR 301.7701-9, 26 U.S.C. 6212, 26 CFR 301.6212-1, Treasury Order 150-10, and 26 CFR 301.6861-1 to sign and send to the taxpayer by registered or certified mail any notice of deficiency is hereby delegated to the officials listed below. * * *

\*      \*      \*      \*      \*      \*      \*

4. Delegation Order No. 77 (Rev. 23) effective June 16, 1988, is superseded.

[2]Petitioners rely on Treasury Department Order No. 150-10, effective Oct. 1, 1986, filed with the Federal Register on July 10, 1986. Treasury Department Order No. 150-10 provides a complete list of Internal Revenue Districts. See Standard Federal Tax Reporter (CCH) July 23, 1986, p. 71,722 par. 6585.

[3]Act of July 26, 1935, ch. 417 sec. 5, 49 Stat. 501, and currently codified at 44 U.S.C. sec. 1505(a) (1988). See Act of Oct. 22, 1968, Pub. L. 90-620, 82 Stat. 1274.

[4]Act of June 11, 1946, ch. 324 sec. 3, 60 Stat. 238 and currently codified at 5 U.S.C. sec. 552(a)(1) (1988). See Act of Sept. 6, 1966, Pub. L. 89-544, 80 Stat. 383.

[5]Sec. 301.7805-1, Proced. & Admin. Regs., was added by Treasury Decision 6498, effective Oct. 24, 1960, and published in 25 Fed. Reg. 10154 (Oct. 25, 1960).

[6]Act of June 11, 1946, ch. 324 sec. 4, 60 Stat. 238 and currently codified at 5 U.S.C. sec. 553 (1988). See Act of Sept. 6, 1966, Pub. L. 89-554, 80 Stat. 383.

[7]See 5 U.S.C. sec. 553(b) (1988).

Admin. Regs., was promulgated without justification as required by section 4(c) of the APA.[8]

We find these arguments unpersuasive.

## Treasury Department Orders

We must decide whether the failure to publish Treasury Department Order No. 150-10 renders the delegation of authority to respondent invalid. Petitioners allege that (1) all orders affecting the rights and obligations of U.S. citizens must be published in accordance with the FRA (see 44 U.S.C. sec. 1505(a)(1) (1988)); (2) section 552 of 5 U.S.C. is an Act of Congress that *requires* Treasury Department Orders to be published (see 44 U.S.C. sec. 1505(a)(3) (1988)); and (3) no citizen can be adversely affected or bound by an unpublished order, and "may safely ignore such order with impunity" (see 5 U.S.C. sec. 552(a)(1) (1988) and 44 U.S.C. sec. 1507 (1988)). Petitioners conclude that the plain terms of section 552, and its predecessor, require that Treasury Department Orders be published in the Federal Register. We do not agree.

The authority to determine and issue statutory notices of deficiency is vested by statute in the Secretary. See sec. 6212(a). The term "Secretary" is defined in section 7701(a)(11)(B) as "the Secretary of the Treasury or his delegate." The phrase "or his delegate" is defined in section 7701(a)(12)(A)(i) as "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context."

The method which the Secretary uses most often to delegate authority to department heads, including the Commissioner, is the issuance of a Treasury Department Order. See *Hatcher v. United States*, 733 F. Supp. 218 (M.D. Pa. 1990); Treasury Department Order No. 150-36;[9] Treasury Department Order No. 150-37.[10] After the Secre-

---

[8] See 5 U.S.C. sec. 553(d) (1988).

[9] Treasury Department Order No. 150-36, 19 Fed. Reg. 5411 (Aug. 25, 1954).

[10] On Mar. 17, 1955, the Secretary issued Treasury Department Order No. 150-37, which formalized the duties of the Chief Counsel. The order did not make any changes in the internal organization of the Treasury Department or the IRS. See Standard Federal Tax Reporter (CCH) Apr. 20, 1955, p. 68,191 par. 48,263 Supp. Vol.; G.C.M. 33972 (Nov. 21, 1968).

tary delegates authority to the Commissioner, the Commissioner may redelegate that authority to his subordinates. See DO No. 77 (Rev. 24).

Section 5 of the FRA[11] (44 U.S.C. sec. 1505(a) (1988)) requires (1) proclamations and executive orders; (2) documents having general applicability and legal effect; and (3) documents required to be published by Act of Congress, i.e., 5 U.S.C. sec. 552(a) (1988), to be published in the Federal Register. However, a person having actual knowledge of the contents of the document may not assert the failure to publish the matter as a defense. See 44 U.S.C. sec. 1507 (1988).

As originally enacted, section 3(a) of the APA[12] required every agency to publish in the Federal Register "(1) descriptions of its central and field organization including delegations by the agency of final authority." On June 5, 1967, 5 U.S.C. sec. 522(a) (1988), was amended[13] and the language "including delegations by the agency of final authority" was deleted from its provision. Currently section 552(a) requires publication only of those matters which, if not published, would adversely affect a member of the public. *New York v. Lyng*, 829 F.2d 346, 354 (2d Cir. 1987); *United States v. Fitch Oil Co.*, 676 F.2d 673, 678 (Temp. Emer. Ct. App. 1982); *United States v. Goodman*, 605 F.2d 870, 887-888 (5th Cir. 1979); *Hogg v. United States*, 428 F.2d 274, 280 (6th Cir. 1970), cert. denied 401 U.S. 910 (1971). However, the publication requirement is inapplicable to a person who has actual and timely notice of the content of the document required to be published, but not so published. *United States v. Mowat*, 582 F.2d 1194, 1201 (9th Cir. 1978), cert. denied 439 U.S. 967 (1978); 5 U.S.C. sec. 552(a)(1) (1988).

For the following reasons, we find that Treasury Department Order No. 150-10 need not be published in the Federal Register to be effective, and therefore, the Secretary duly

---

[11]For ease of discussion, subsequent references to the FRA shall be to corresponding section numbers in 44 U.S.C. sec. 1501 et seq. (1988), rather than to the section number in the original act.

[12]See 5 U.S.C. sec. 552(a) (1988). For ease of discussion, subsequent references to "APA sections" shall be to corresponding section numbers in 5 U.S.C. sec. 551 et seq. (1988), rather than to the section number in the original act.

[13]Amending law is Act of July 4, 1976, Pub. L. 90-23, sec. 1, 81 Stat. 54.

delegated to respondent authority to send statutory notices of deficiency.

First, delegation orders do not affect the rights and obligations of citizens. They are not substantive or legislative-type rules of law, but rather rules of internal agency/management procedure. *United States v. McCall,* 727 F. Supp. 1252, 1254 (N.D. Ind. 1990). See *D&W Food Centers, Inc. v. Block,* 786 F.2d 751 (6th Cir. 1986); *United States v. Hayes,* 325 F.2d 307 (4th Cir. 1963).

Second, section 552 of 5 U.S.C. does not require all internal delegations of authority be published in order to be effective. Under its provisions, "the requirement for publication applies only to matters which, if not published, would adversely affect a member of the public." *United States v. Fitch Oil Co.,* 676 F.2d at 678, citing *Hogg v. United States, supra; United States v. Goodman,* 605 F.2d at 887-888; *United States v. McCall,* 727 F. Supp. at 1254. Petitioners have failed to prove how a member of the public would be adversely affected if Treasury Department Order 150-10 was not published.

Moreover, the Treasury Department Order No. 150-10 petitioners rely on does not delegate "new" authority to respondent. It merely sets forth the complete list of Internal Revenue Districts, as previously set forth in Treasury Department Order No. 150-01,[14] with one major change: it created two Internal Revenue Districts within the State of Florida, rather than one statewide district. That being the only change, we do not see how a member of the public could be adversely affected by its nonpublication. Accordingly, the failure to publish Treasury Department Order 150-10 in the Federal Register does not make it ineffective. *United States v. McCall, supra.* See *United States v. Hayes,* 325 F.2d 307 (4th Cir. 1963); *Van Sant v. United States,* 90-1 USTC par. 50,179, 65 AFTR 2d 90-970 (D. Colo. 1990); *United States v. National Commodity and Barter Association,* 90-1 USTC par. 50,284, 64 AFTR 2d par. 89-5186 (D. Colo. 1990).

Third, even assuming that Treasury Department Order No. 150-10 should have been published in the Federal

---

[14]Filed by the Office of the Federal Register on Mar. 18, 1986, and published in 51 Fed. Reg. 9571 (Mar. 19, 1986).

Register and was not, petitioners have not advanced any argument explaining how they were adversely affected by the failure to publish it. *United States v. McCall,* 727 F. Supp. at 1254. See *United States v. Goodman,* 605 F.2d at 887-888; *Hogg v. United States,* 428 F.2d at 280, cited with approval in *New York v. Lyng,* 829 F.2d at 354.

Moreover, petitioners even admit that respondent had authority to determine deficiencies and to send notices under the 1939 Code and before the Reorganization Plan No. 26 of 1950 (Plan 26)[15] . See sec. 272(a) of the Internal Revenue Code of 1939. However, relying on Treasury Department Order Nos. 150-37,[16] 150-42,[17] 150-01,[18] and 150-10,[19] they incorrectly conclude that the Secretary dele-

---

[15]The *Reorganization Plan No. 26 of 1950* (Plan 26), 64 Stat. 1280. See 15 Fed. Reg. 4935 (Aug. 2, 1950).

Plan 26 provides in relevant part as follows:

SECTION 1. Transfer of functions to the Secretary. (a) Except as otherwise provided in subsection (b) of this section, * * * there are hereby transferred to the Secretary of the Treasury all functions of all other officers of the Department of the Treasury and all functions of all agencies and employees of such Department.

> \*       \*       \*       \*       \*       \*       \*

SECTION 2. Performance of functions of Secretary. The Secretary of the Treasury may from time to time make such provisions as he shall deem appropriate authorizing the performance by any other officer, or by any agency or employee, of the Department of the Treasury of any function of the Secretary, including any function transferred to the Secretary by the provisions of this reorganization plan.

[16]Treasury Department Order No. 150-37, *supra* n. 10, provides in relevant part the following:

By virtue of the authority vested in me as Secretary of the Treasury, including the authority in the Internal Revenue Code of 1954 and Reorganization Plan No. 26 of 1950, it is ordered as follows:

1. The *Commissioner of Internal Revenue* shall be responsible for the administration and enforcement of the Internal Revenue Laws.

2. An Assistant General Counsel of the Department of the Treasury shall serve as Chief Counsel of the Internal Revenue Service and as counsel and legal advisor to the Commissioner in all matters pertaining to the administration and enforcement of the Internal Revenue laws. The Chief Counsel shall serve as a member of the Commissioner's executive staff.

> \*       \*       \*       \*       \*       \*       \*

5. All outstanding orders and delegations of authority relating to the above subjects are modified accordingly.

[17]Treasury Department Order No. 150-42, effective July 27, 1956, was published in 21 Fed. Reg. 5852 (Aug. 4, 1956).

[18]Petitioners focus on the following portion of Treasury Department Order No. 150-01, 51 Fed. Reg. 9571 (Mar. 19, 1986):

6. U.S. Territories and Insular Possessions. The Commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States internal revenue laws in the U.S. territories and insular possessions and other authorized areas of the world.

[19]Petitioners rely on the following portion of Treasury Department Order No. 150-10:

5. U.S. *Territories and Insular Possessions.* The *Commissioner shall, to the extent of* authority otherwise vested in him, provide for the administration of the United States internal

gated little Federal income tax enforcement authority to the Commissioner after Plan 26.

As evidenced by Treasury Department Order No. 120[20] and Treasury Department Order 150-2,[21] the Secretary delegated general enforcement authority to the Commissioner, including the authority to send notices of deficiency. Moreover, the Commissioner's authority continued after the enactment of the Internal Revenue Code of 1954 (1954 Code). See *Dudley v. Commissioner,* 258 F.2d 182 (3d Cir. 1958), affg. 28 T.C. 992 (1957); sec. 7851(b)(3); Treasury Department Order 150-36.[22]

Last, in light of the clear recognition in case law, previous published Treasury Department Orders, and the Federal Regulations, affirming the Commissioner's authority to enforce the Internal Revenue Code, we find the failure to publish Treasury Department Order No. 150-10 harmless. *Kellogg v. Commissioner,* 88 T.C. 167 (1987); *Estate of*

---

revenue laws in the U.S. territories and insular possessions and other authorized areas of the world.

[20]On July 31, 1950, the day Plan 26 became effective, the Secretary directed that "officers of the Treasury Department" "continue to perform the functions they were authorized to perform immediately prior to the effective date of the Reorganization Plan." Thus, this delegation included the authority to determine deficiencies and send notices.

[21]In May 1952, the Secretary delegated authority to respondent to perform all functions of all "officers, employees, and agencies" of the IRS which *had not* already been transferred to him as of May 15, 1952, except the functions of the Assistant General Counsel. Treasury Department Order No. 150-2 became effective May 15, 1952, and published in 17 Fed. Reg. 4590 (May 20, 1952).

[22]On Aug. 17, 1954, the Secretary issued Treasury Department Order No. 150-36. Treasury Department Order No. 150-36 made Treasury Department Order No. 150-2 effective under the Internal Revenue Code of 1954. See 1954-2 C.B. 733. Treasury Department Order No. 150-36, 19 Fed. Reg. 5411 (Aug. 25, 1954), provides as follows:

Delegation of functions created by the Internal Revenue Code of 1954.

1. By virtue of the authority vested in me by Reorganization Plan No. 26 of 1950 and section 7804(a) of the Internal Revenue Code of 1954, each delegation of authority, and each redelegation of authority made pursuant to such delegation, which:

(1) Was in effect immediately preceding the enactment of the Internal Revenue Code of 1954, and

(2) Was continued in effect upon the enactment of the Internal Revenue Code of 1954 pursuant to the provisions of section 7851(b)(3) of such Code,

is hereby amended to include any additional or revised functions created or authorized by the Internal Revenue Code of 1954 which are essential to the performance of, or are directly related to, any function included in such delegation or redelegation of authority. Each delegation or redelegation of authority so amended shall be subject to amendment, modification, or revocation to the same extent, and in the same manner, as authorized immediately preceding this amendment by this Order.

2. The preceding paragraph shall not be construed as delegating to any officer or employee of the Internal Revenue Service any function existing under the Internal Revenue Code of 1954 which corresponds to any function which existed under the Internal Revenue Code of 1939 and which immediately preceding the enactment of the Internal Revenue Code of 1954 had not been delegated by the Secretary.

`Brimm v. Commissioner,` 70 T.C. 15 (1978); `Perlmutter v. Commissioner,` 44 T.C. 382 (1965), affd. 373 F.2d 45 (10th Cir. 1967); sec. 301.7805-1(a) and (c), Proced. & Admin. Regs. See `Reimer v. United States,` 90-1 USTC par. 50,285, _____ AFTR 2d _____ - _____ (D. Hawaii 1990).

### Authority of Commissioner to Propose Regulations

We must now decide whether respondent, with the approval of the Secretary, had authority to propose regulations delegating to the District Director authority to send statutory notices of deficiency, and if so, whether those regulations were properly proposed in accordance with the APA.

Petitioners contend that section 301.7805-1, Proced. & Admin. Regs., was not properly proposed as a rule or regulation in accordance with sections 552 and 553 of the APA, and therefore, respondent lacked authority to propose sections 301.7701-9 and 301.6212-1, Proced. & Admin. Regs.

These contentions are without merit.

### 1. *Sec. 301.7805-1, Proced. & Admin. Regs.*

Under section 553 of the APA, only "substantive" rules must meet the notice, comment, and publication requirements before final implementation. `Guadamuz v. Bowen` 859, F.2d 762, 771 (9th Cir. 1988); 5 U.S.C. sec. 553(b) (1988). "Interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice" are excepted from this provision. 5 U.S.C. sec. 553(b)(A) (1988). See `Zaharakis v. Heckler,` 744 F.2d 711 (9th Cir. 1984); `Wing v. Commissioner,` 81 T.C. 17, 27 (1983); `United States v. Mowat,` 582 F.2d at 1199.

Substantive rules are ones " 'affecting individual rights and obligations,' " `Chrysler Corp. v. Brown,` 441 U.S. 281, 302 (1979), "effect a change in existing law or policy," `Powderly v. Schweiker,` 704 F.2d 1092, 1098 (9th Cir. 1983), and which are " 'issued by an agency pursuant to statutory authority and . . . implement the statute.' " `Chrysler Corp. v. Brown,` 441 U.S. at 302-303. See `Guadamuz v. Brown, supra; Zaharakis v. Heckler,` 744 F.2d 711, 713 (9th Cir. 1984), citing `Batterton v. Marshall,` 648 F.2d 694, 701-702 (D.C. Cir. 1980).

Section 301.7805-1, Proced. & Admin. Regs., added by T.D. 6489 and published in the Federal Register, 25 Fed. Reg. 10154 (Oct. 25, 1960), provides in relevant part the following:

(a) *Issuance.* The Commissioner, with the approval of the Secretary, shall prescribe all needful rules and regulations for the enforcement of the Code (except where this authority is expressly given by the Code to any person other than an officer or employee of the Treasury Department), including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

It is not a substantive rule, but rather a rule of agency organization, procedure, or practice. Accordingly, it falls within the exception under section 553(b)(A) of the APA.

Moreover, because section 301.7805-1(a), Proced. & Admin. Regs., was published in the Federal Register, section 552(a)(1)(D) of the APA is satisfied. Thus, we need not decide whether it has general applicability[23] and whether its nonpublication would adversely affect the public.

Based on the foregoing, we conclude that section 301.7805-1, Proced. & Admin. Regs., was properly proposed in accordance with the APA and is, therefore, valid. Accordingly, respondent, with the approval of the Secretary, had delegated authority to propose sections 301.7701-9 and 301.6212-1, Proced. & Admin. Regs.

2. *Sec. 301.7701-9, Proced. & Admin. Regs.*

Petitioner contends that paragraph 22[24] of T.D. 6118, 1955-1 C.B. at 718-719, was not proposed as a rule as

---

[23]If a regulation only clarifies or explains existing laws or regulations and has no significant impact upon any segment of the public, then it does not have "general applicability." *United States v. Mowat,* 582 F.2d 1194, 1200 (9th Cir. 1978); *Anderson v. Butz,* 550 F.2d 459, 463 (9th Cir. 1977).

[24]Par. 22 of T.D. 6118 in relevant part provides as follows:

In any case in which a function is vested by the Internal Revenue Code of 1954 in the Secretary or his delegate, and Treasury regulations or Treasury decisions (including this Treasury decision) provide that such function may be performed by a District Director of Internal Revenue, * * * or employee in the office of a District Director * * *

(a) Such provision in the regulations or a Treasury Decision shall constitute a delegation by the Secretary to the Commissioner of the authority to perform such function and a redelegation thereof by the Commissioner to the designated officer or employee, and

(b) An officer or employee authorized by regulations or a Treasury Decision to perform a function shall have authority to redelegate the performance of such function to any officer or employee performing services under his supervision and control, unless such power to so redelegate is prohibited or restricted by proper order or directive, and

required by section 553 of the APA, and that T.D. 6503, 1960-2 C.B. 409, did not supersede paragraph 22. Thus, section 301.7701-9, Proced. & Admin. Regs., is invalid. We do not agree.

Without deciding whether paragraph 22 was properly proposed as required by the APA, we nevertheless find that section 301.7701-9, Proced. & Admin. Regs., was proposed in accordance with the APA.

On December 23, 1959, a notice of proposed rule making was published in the Federal Register[25] regarding regulations under section 7701 in accordance with section 553(b) of the APA. Included therein was section 301.7701-9(b), (c), and (d), Proced. & Admin. Regs., which did supersede paragraph 22 of T.D. 6118. 1955-1 C.B. 698, 718.

On February 25, 1960, a public hearing was held on these proposed regulations. See 25 Fed. Reg. 726 (Jan. 28, 1960). The proposed regulations, including section 301.7701-9, Proced. & Admin. Regs., were adopted on November 14, 1960, after consideration was given to all relevant matter presented by interested persons at the public hearing. On November 17, 1960, section 301.7701-9, Proced. & Admin. Regs., was published in the Federal Register[26] in accordance with section 553(d) of the APA.

Accordingly, section 301.7701-9, Proced. & Admin. Regs. is valid.

3. *Sec. 301.6212-1, Proced. & Admin. Regs.*

Petitioners contend that section 301.6212-1, Proced. & Admin. Regs., is invalid because it was not published at least 30 days before it became effective. See 5 U.S.C. sec. 553(d) (1988). We do not agree.

After notice and public comment, final regulations were published in the Federal Register[27] on January 4, 1955. The Commissioner, with the approval of the Secretary, determined that because those regulations were necessary for the

---

(c) The Commissioner may also redelegate authority to perform such function to other officers or employees of the Internal Revenue Service and, to the extent he deems proper, may authorize further redelegation of such authority, * * * [1955-1 C.B. at 718-719].

[25] 24 Fed. Reg. 10450, 10455 (Dec. 23, 1959).

[26] 25 Fed. Reg. 10928, 10934 (1960); T.D. 6503, 1960-2 C.B. 409.

[27] 20 Fed. Reg. 28 (1955); T.D. 6119, 1955-1 C.B. 145, 153.

enforcement of the applicable provisions of the Internal Revenue Code of 1954, effective January 1, 1955, it was impracticable and contrary to the public interest to promulgate them subject to the effective date limitation of section 553(d) of the APA. Accordingly, they became effective on January 1, 1955. See T.D. 6119, 1955-1 C.B. at 195.

The legislative history of section 553(d) of the APA indicates that the primary purpose for deferring the effectiveness of a rule was to "afford persons affected a reasonable time to prepare for the effective date of a rule or rules or to take other action which the issuance of rules may prompt," not to encourage republication dialogue. S. Rept. 752, 79th Cong., 1st Sess. 15 (1946); H. Rept. 1980, 79th Cong., 2d Sess. 25 (1946). The legislative history also indicates that "the APA was not intended to unduly hamper agencies from making a rule effective immediately, or at some time earlier than 30 days." *United States v. Gavrilovic,* 551 F.2d 1099, 1104 (8th Cir. 1977). However, the "good cause" exception "requires legitimate grounds supported in law and fact by the required finding." *Northern Arapahoe Tribe v. Hodel,* 808 F.2d 741, 752 (1987), citing *United States v. Gavrilovic, supra.* In our view, the Commissioner's approved determination was accurate. Accordingly, we find that the "good cause" exception of section 553(d) of the APA applies to section 301.6212-1, Proced. & Admin. Regs.

However, even if we found the exception under section 553(d) inapplicable, the regulation would nevertheless be valid and applicable to petitioners, since it would have otherwise been effective on February 3, 1955. See *Rowell v. Andrus,* 631 F.2d 699, 704 (10th Cir. 1980); *United States v. Gavrilovic,* 551 F.2d at 1106.

Additionally, we note that it is doubtful that Treasury regulations need to comply with the 30-day notice requirement in order to be valid in light of the fact that section 7805(b) takes precedence over the general notice requirements of the APA. See *Redhouse v. Commissioner,* 728 F.2d 1249, 1253 (9th Cir. 1984), affg. *Wendland v. Commissioner,* 79 T.C. 355 (1982), cert. denied 469 U.S. 1034 (1984); *Wing v. Commissioner,* 81 T.C. at 30 n. 17.

Based on the foregoing, we conclude that respondent and the District Director had authority to issue the statutory notices of deficiency here in issue, i.e., respondent pursuant to Treasury Department Orders and the regulations, and the District Director pursuant to the regulations. See *Kellogg v. Commissioner*, 88 T.C. at 172; *Estate of Brimm v. Commissioner*, 70 T.C. at 19-20. Thus, the statutory notices of deficiency issued to petitioners are valid, and petitioners' motion to dismiss is denied.

Moreover, we conclude that petitioners failed to carry their burden of proof on the substantive issues, since they failed to present any competent evidence at trial. Accordingly, petitioners are liable for the deficiencies as determined by respondent. Respondent's motion, with regard to dismissal for failure to prosecute, is denied as moot.

We now consider whether to award damages to the United States under section 6673.

Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, that the proceeding was instituted or maintained primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages (now called a penalty) in an amount not in excess of $25,000[28] shall be awarded to the United States by the Court in its decision. Sec. 6673(a).

Petitioners' failure to provide respondent with information requested and failure to offer evidence at trial pertaining to the substantive issues raised in the notice of deficiency convinces us that this suit was instituted primarily for delay. Accordingly, we award damages to the United States in the amount of $5,000 in docket No. 5621-89 and $5,000 in docket No. 5622-89.

To reflect the foregoing,

*Appropriate orders will be entered, and decisions will be entered for the respondent.*

[28]The amount of the penalty was increased from $5,000 to $25,000 by the Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, applicable to positions taken after Dec. 31, 1989, in proceedings which are pending or commenced after such date.