949 F.2d 397
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert S. POWERS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-1978.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert S. Powers appeals the United States Tax Court's determination of a deficiency in petitioner's income tax due for the taxable year of 1986, in the amount of $2,357. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his petition before the tax court, Powers argued that the finding of deficiency was in error because: 1) he was not a taxpayer; 2) he had no tax liability for the year in question, 1986; 3) he has no taxable income; 4) "special procedure officers" were required to handle the case; 5) the Examination Division has no delegated authority to examine or amend a tax return and make a substitute return under I.R.C. § 6020(b); 6) the Internal Revenue Service does not have the authority to make a substitute return; 7) the petitioner was not informed as to which type of Form 1040 he was to file to report his income tax; 8) penalties are not appropriate for the "category of return" applicable to him; 9) the evidence does not support a finding that he did not file a tax return in the year 1986; and 10) he was never properly notified as to the applicable books and records to keep in order to file a tax return for the subject year.
 
 
 3
 A hearing was held on November 16, 1986, in the United States Tax Court. Thereafter, the court issued a Memorandum Findings of Fact and Opinion, and a subsequent Decision, finding: 1) a deficiency in income for the taxable year 1986, in the amount of $2,357; 2) no additional tax was due under I.R.C. § 6651(a); 3) an additional $118 was due under I.R.C. § 6653(a)(1)(A); 4) no additional tax was due under I.R.C. § 6653(a)(1)(B); and 5) no additional tax was due under I.R.C. §§ 6654 and 6661.
 
 
 4
 Upon review, we conclude that the tax court properly found that a deficiency existed for the year 1986. As explained by the tax court, the Commissioner may delegate authority to send notices of deficiency to taxpayers. 26 U.S.C. § 6212; 26 C.F.R. §§ 301.6212-1, 301.6861-1, 301.7701-9; Treasury Delegation Order (TDO) 150-10; Commissioner's Delegation Order (DO) No. 77, 54 Fed.Reg. 10812 (March 14, 1989). Internal delegations of authority need not be published in order to be effective. Hogg v. United States, 428 F.2d 274, 280 (6th Cir.1970), cert denied, 401 U.S. 910 (1971). Delegation Orders do not affect the rights and obligations of citizens. Food Centers, Inc. v. Block, 786 F.2d 751 (6th Cir.1986); Stamos v. Commissioner, 95 T.C. 624, 631 (1990).
 
 
 5
 Accordingly, the tax court's decision entered May 21, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.