FRANK W. STAMOS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stamos v. Commissioner
Docket No. 19382-93
United States Tax Court
T.C. Memo 1994-478; 1994 Tax Ct. Memo LEXIS 486; 68 T.C.M. (CCH) 819; October 3, 1994, Filed *486 Frank W. Stamos, pro se. For respondent: Alan S. Beinhorn. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1] This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 40. Petitioner resided in Lodi, California, at the time he filed his petition. On June 9, 1993, respondent mailed petitioner a notice of deficiency in which she determined the following deficiencies and additions to tax: Additions to Tax
Taxable Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
1987
$ 3,435
$ 863
$ 181
1988
3,656
914
228
1989
3,801
950
252
1990
3,884
971
252
1991
4,016
1,004
222
On September 8, 1993, this Court received and filed petitioner's *487 petition. On October 25, 1993, respondent filed a motion to dismiss for failure to state a claim under Rule 40, and requested therein that the United States be awarded damages under section 6673. Petitioner did not file a notice of objection. By an Order dated October 28, 1993, this Court directed petitioner to file an amended petition, stating specific allegations of error in the notice of deficiency and a separate statement of facts, on or before November 15, 1993. In addition, this Court set a hearing for respondent's motion for December 6, 1993. Petitioner filed his amended petition on November 15, 1993, and a hearing was held in accordance with the above Order. Respondent asserts that this case should be dismissed for failure to state a claim because petitioner failed to allege in his petition any justiciable error, and merely asserts frivolous protester type arguments. Petitioner's arguments include: (1) Criticisms of respondent's authority to file substitute tax returns under section 6020, and to issue notices of deficiency; (2) procedural errors in respondent's failing to grant an interview prior to trial; (3) misapplication of sections 6651 and 6654 to petitioner; *488 and (4) wrongful taxation of "home source income". Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may dismiss a petition when it appears beyond doubt that the taxpayer can prove no set of facts to support his claim that would entitle him to relief. Under Rule 34(b)(4) and (5), a petition must contain: (1) "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency"; and (2) "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Moreover, any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982). Petitioner made analogous arguments to those raised here in Stamos v. Commissioner, 95 T.C. 624 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992), and Stamos v. Commissioner, T.C. Memo. 1990-624. [2] In those cases, the above arguments were considered *489 and rejected. Rather than restating our prior opinions, we repeat the words of the Fifth Circuit in Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984): "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *490 Because petitioner failed to assert any specific assignments of error relating to respondent's determinations, all issues raised in the notice of deficiency are deemed conceded. As such, petitioner has failed to state a claim upon which relief can be granted. Respondent's motion to dismiss will be granted. The final matter we consider is whether we should award a penalty to the United States under section 6673. Section 6673, as amended by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, provides, in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision, may require the taxpayer to pay the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner had no interest in disputing either the deficiencies or the additions to tax determined by respondent. Furthermore, it is clear that petitioner instituted *491 this action to delay the assessment and collection of tax rightfully due. Petitioner has raised only the tired, discredited arguments which are characterized as tax protester rhetoric. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner has not filed a tax return since 1981, and appears intent on litigating each and every notice of deficiency he receives with the same arguments. Based upon the established law, petitioner's arguments are groundless. Petitioners with genuine controversies were delayed while we considered this case. Accordingly, we will require petitioner to pay a penalty to the United States in the amount of $ 7,500. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). To reflect the foregoing, An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner also pursued his tax protester arguments before the Court of Appeals for the Ninth Circuit in Stamos v. United States, 900 F.2d 263 (9th Cir. 1990). In that case, he appealed the District Court's denial of his motion to quash a summons issued pursuant to 26 U.S.C. sec. 7602 (1988)↩, and its award of attorneys' fees, on the grounds that such a summons may only be issued in connection with a tax liability involving alcohol, tobacco, firearms or explosives. The Court of Appeals for the Ninth Circuit affirmed the District Court's decision, and awarded double costs and $ 500 in fees for the appeal.