T.C. Memo. 2002-316

UNITED STATES TAX COURT

BRENDA H. ROBINSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2020-01L.                    Filed December 30, 2002.

Brenda H. Robinson, pro se.

<u>J. Craig Young</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Petitioner filed the petition in this case under section 6330(d) seeking our review of respondent's determination that collection by levy was appropriate.

The issues for decision are:

1.  Whether petitioner may contest her underlying tax liabilities for tax years 1993 and 1994.  We hold that she may not.

2.  Whether respondent's determination to proceed with collection with respect to petitioner's 1993 and 1994 tax years was an abuse of discretion.  We hold that it was not.

3.  Whether petitioner is liable for a penalty under section 6673.  We hold that she is, in the amount of $2,500.

Section references are to the Internal Revenue Code in effect for the applicable years.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Charlotte, North Carolina, when she filed the petition in this case.

A.  <u>Petitioner's Failure To File Tax Returns, Respondent's Notices of Deficiency for 1993 and 1994, and Petitioner's Correspondence With Respondent</u>

Petitioner did not file income tax returns for 1993 and 1994.  On January 26, 1996, respondent issued a notice of deficiency to petitioner for 1993 in which respondent determined that petitioner had a deficiency of $18,954 and was liable for additions to tax of $4,711 under section 6651(a) and $791 under section 6654(a).  Petitioner received the notice of deficiency for 1993 but did not file a petition in the Tax Court for 1993.

On March 25, 1996, petitioner wrote to respondent stating that she was not liable for income tax because she was a "state sovereign" and not a citizen or resident of the District of Columbia.

Respondent sent a notice of deficiency to petitioner for 1994 on January 17, 1997, in which respondent determined that petitioner had a deficiency of $13,257 and was liable for additions to tax of $3,257 under section 6651(a) and $670 under section 6654(a). Petitioner received the notice of deficiency but did not file a petition in the Tax Court for 1994. On February 13, 1997, petitioner returned the notice of deficiency to respondent stamped "Refused for CAUSE--NOT dishonored!" Petitioner attached to the notice of deficiency a letter in which she requested copies of the assessment and the delegation order from the Secretary of the Treasury to the Director of the Internal Revenue Service (IRS) service center who signed the notice of deficiency.

On April 21, 1997, petitioner wrote to respondent stating that she was a "Sovereign Citizen of the Florida Republic", she did not reside or earn income in "any Territory, Possession, Instrumentality, or Enclave" under the jurisdiction of the United States, and she was "not a citizen of the Federal United States subject to its jurisdiction." On May 6, 1997, respondent wrote to petitioner that the information in petitioner's letters did

not justify any change in respondent's proposed adjustments for her 1994 tax year.  Petitioner stamped that letter "REFUSED FOR FRAUD F.R.C.P. 9(b)" and returned it to respondent with an attachment in which she raised 33 frivolous questions purportedly related to her income tax liability.

B.    The Notice of Intent To Levy

On February 23, 2000, respondent issued to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing relating to petitioner's 1993 and 1994 tax years.

On March 22, 2000, petitioner filed a Form 12153, Request for a Collection Due Process Hearing for 1993 and 1994.  In a letter attached to her request for a hearing, petitioner asked that the Appeals officer have at the hearing the Treasury regulation that requires her to pay tax and the delegation of authority to IRS agents to enforce payment.

Respondent's Appeals Officer, Catherine L. Lacienski (Lacienski), scheduled petitioner's hearing for December 7, 2000. Lacienski sent petitioner copies of certified transcripts of account for petitioner's 1993 and 1994 tax years.

Petitioner wrote to Lacienski and asked that her hearing be rescheduled for December 18, 2000.  In that letter petitioner said that she had not received a valid notice of deficiency or notice and demand for payment, and she requested the following to be provided to her at the hearing:  (1) The signed returns that

were used to make the assessment; (2) authority of the person(s) making the assessment to do so; (3) a job description of the officer(s) included in this conference; (4) proof that the statutory notices of deficiency for each year in question were sent to her, and copies of those notices; (5) proof that the notice and demand for each year in question was sent to her, and copies of those notices; and (6) the law that requires an American to pay income taxes.

On December 19, 2000, Lacienski conducted a hearing in petitioner's case for tax years 1993 and 1994. At the hearing, petitioner contended that the Tax Court is not a valid court, assessments can only be made from a filed return, there is no law which requires her to pay income tax, the certificate of assessment must be present at the hearing, respondent's agents and employees lack authority to collect tax, she had a right to receive Lacienski's job description, and she was not receiving a fair and impartial hearing.

On January 31, 2001, petitioner wrote to Lacienski and claimed that she had not received a fair hearing by an impartial officer and that the Appeals officer did not have at the hearing the delegation orders, signed returns from which assessments were made, documents showing that respondent had sent notices of deficiency and notice and demand to her, and copies of the law showing that she was liable for income tax. Petitioner stated

that the notices of deficiency issued to her were not valid because they lacked a valid signature. She contended that the only persons required to pay income tax are wage earners, distillers, winemakers, brewers, tobacco dealers, and firearms dealers; and that she was not one of those persons.

C. Respondent's Notice of Determination

On February 1, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the lien or levy determination), in which respondent determined that collection from petitioner of her tax liabilities for 1993 and 1994 would proceed.

OPINION

A. Whether Petitioner May Dispute Her Underlying Tax Liabilities for 1993 and 1994

Petitioner contends that she was improperly precluded at the section 6330(b) hearing from disputing her underlying tax liabilies for 1993 and 1994. She bases this contention on the claim that the notices of deficiency she received were invalid because respondent did not provide a copy of the delegation order showing that the notices were issued by persons with authority to do so and because respondent may not determine an income tax deficiency if she did not file a return. Petitioner's contentions lack merit.

The Secretary or his or her delegate, including the Commissioner, may issue notices of deficiency. <u>Stamos v.</u>

Commissioner, 95 T.C. 624, 629 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992). The Commissioner may redelegate that authority to his or her subordinates. Id. at 629-630. Petitioner cites no authority, and we know of none, which requires the Commissioner to provide a copy to a taxpayer of the delegation orders for a notice of deficiency to be valid.

Petitioner's contention that she must file a return before the Commissioner may determine an income tax deficiency is also without merit. Respondent may determine a deficiency for a taxpayer who has not filed a return. Hartman v. Commissioner, 65 T.C. 542, 545-546 (1975).

A taxpayer may dispute his or her underlying tax liability at the section 6330 hearing only if he or she did not receive a notice of deficiency for the taxes in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Petitioner received notices of deficiency for 1993 and 1994. Thus, petitioner was not entitled to dispute the existence or amount of her tax liabilities for those years at the section 6330 hearing. Id.

B. Whether Respondent's Determination To Proceed With Collection as to Petitioner's 1993 and 1994 Tax Years Was an Abuse of Discretion

Petitioner contends that she did not receive a fair hearing and that respondent's determination to proceed with collection of her 1993 and 1994 tax liabilities was an abuse of discretion

because:  (1) The notices of deficiency are invalid; (2) the persons sending the notices of levy and determination did not have authority to do so; (3) respondent did not produce delegation orders showing that authority; (4) respondent did not produce verification from the Secretary that requirements of applicable law and administrative procedure have been met; and (5) respondent did not give petitioner copies of the law which makes her liable for income taxes.

We rejected petitioner's first and second arguments in paragraph A, above.  We reject her third argument because internal revenue laws and regulations do not require the Appeals officer to give the taxpayer a copy of the delegation of authority from the Secretary to the person (other than the Secretary) who signed the verification required under section 6330(c)(1).  Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).  We reject her fourth argument because section 6330(c)(1) does not require the Appeals officer to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met.  Id. at 166.  Section 301.6330-1(e)(1), Proced. & Admin. Regs., requires that the Appeals officer obtain verification before issuing the determination, not that he or she provide it to the taxpayer.  In any event, the Appeals officer gave petitioner copies of the certified transcripts of account for 1993 and 1994.  We reject

her fifth argument because there is no requirement that the notice of intent to levy or the Appeals officer identify the Code sections which establish the taxpayer's liability for tax, additions to tax, or penalties.  Nestor v. Commissioner, supra at 167.  We conclude that petitioner had a fair hearing under section 6330(b) and that respondent's determination to proceed with collection of her 1993 and 1994 tax liabilities was not an abuse of discretion.

C.    Whether Petitioner Instituted or Maintained Proceedings
      Primarily for Delay or Whether Petitioner's Position Is
      Frivolous or Groundless

The Court may require a taxpayer to pay a penalty to the United States of not more than $25,000 if the taxpayer instituted or maintained proceedings primarily for delay, if the taxpayer's position is frivolous or groundless, or if the taxpayer unreasonably failed to pursue administrative remedies.  Sec. 6673(a).  Petitioner contends that her argument is not frivolous and that she did not use this case for delay.  We disagree.

A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner's contention that respondent must identify the Code sections which establish her liability for tax is frivolous.  Nestor v. Commissioner, supra.  Her argument that she was not the taxpayer

named in the notice of deficiency because the name on the notice of deficiency was spelled in capital letters is also frivolous. See Johnson v. Commissioner, T.C. Memo. 1999-312, affd. without published opinion 242 F.3d 382 (9th Cir. 2000).

Petitioner relies on Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947), for the proposition that her position is not frivolous. She contends that Fed. Crop Ins. Corp. stands for the proposition that--

> anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. * * * this is so even though * * * the agent himself may have been unaware of the limitations upon his authority.

Petitioner contends that she acted as she did because she did not want to risk dealing with employees of respondent who lacked authority to act. We disagree.

It is well settled that the argument that the Commissioner and his or her delegates have no power or authority to administer the internal revenue laws because of invalid or nonexistent delegations of authority is frivolous. Lonsdale v. United States, 919 F.2d 1440, 1445-1447 (10th Cir. 1990).

Respondent wrote to petitioner on December 19, 2001, and warned her that if she continued asserting frivolous arguments, respondent might seek an award of damages under section 6673. Respondent also warned petitioner about damages under section 6673 in respondent's response to petitioner's request for

admissions filed January 8, 2002, in respondent's trial memorandum, and at the beginning of trial.  Petitioner continued to assert the same arguments during and after trial.  We conclude that petitioner maintained these proceedings primarily for delay and that her position is frivolous.  Under these circumstances, we require petitioner to pay to the United States a $2,500 penalty under section 6673(a).

Accordingly,

<u>An appropriate order and decision will be entered</u>.