T.C. Memo. 2003-102

UNITED STATES TAX COURT

ANNIE W. NEBRES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7463-01L.                    Filed April 15, 2003.

Annie W. Nebres, pro se.

<u>Jonathan J. Ono</u> and <u>Susan B. Watson</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent sent petitioner a Notice of
Determination Concerning Collection Action(s) Under Section 6320
and/or 6330 (the lien or levy determination) on May 18, 2001, in
which respondent determined to proceed with collection of

deficiencies in petitioner's income tax, additions to tax, and interest for 1996.

The sole issue for decision is whether respondent's determination to proceed with collection with respect to petitioner's 1996 tax year was an abuse of discretion. We hold that it was not.

Section references are to the Internal Revenue Code in effect for the applicable year.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. Petitioner

Petitioner resided in Ewa Beach, Hawaii, when she filed the petition.

On January 14, 2000, respondent sent a notice of deficiency for petitioner's 1996 tax year to petitioner's last known address; however, respondent concedes that petitioner did not receive the notice of deficiency. In the notice of deficiency, respondent determined a deficiency in petitioner's income tax of $740 and disallowed petitioner's claimed earned income credit of $280. Respondent computed petitioner's tax using the tax tables for married filing separately because petitioner was married and did not file a joint return.

On May 29, 2000, respondent assessed petitioner's tax and interest for her 1996 tax year. Also on that day, respondent

sent to petitioner a notice of balance due relating to her tax liability for 1996.

B.    Notice of Intent To Levy and Collection Due Process Hearing

On December 21, 2000, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing relating to petitioner's 1996 tax year.  Petitioner requested a hearing, which was held by respondent's Appeals officer, Melvin Iwane (Iwane), on April 12, 2001.  At the hearing, Iwane gave petitioner an opportunity to challenge her underlying tax liability for 1996, but petitioner did not do so. Petitioner asked Iwane to show her the statute that makes her liable for tax and contended that the person or persons who sent notices to her did not have authority to do so.  Iwane did not give to petitioner delegation orders showing that those notices were issued by persons with authority to do so, copies of the law which makes her liable for income taxes, or written verification that the requirements of applicable law and administrative procedure have been met.  At the hearing with Iwane, petitioner contended that no valid statutory notice of deficiency had been sent to her and that respondent erred by not using Form 17 for a statutory notice and demand.  Iwane did not consider those arguments because he concluded that they were frivolous.

C.   Respondent's Notice of Determination and Form 4340

On May 18, 2001, respondent sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the lien or levy determination) in which respondent determined to proceed with collection from petitioner of her tax liability for 1996.

On March 31, 2002, respondent's counsel sent petitioner a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, relating to petitioner's 1996 tax year.

OPINION

A.   Whether Respondent Improperly Precluded Petitioner From
     Disputing Her Underlying Tax Liability for 1996

Petitioner points out that she did not timely receive a notice of deficiency and contends that respondent improperly refused to permit her to dispute her underlying tax liability for 1996 at the hearing with Iwane.  We disagree; the Appeals officer did not prevent petitioner from disputing the amount or existence of her underlying tax liability for 1996 at the hearing.  Iwane's refusal to consider petitioner's frivolous arguments does not constitute a refusal to permit petitioner to contest her underlying tax liability.

B.    Whether Respondent's Determination To Proceed With
      Collection as to Petitioner's 1996 Tax Year Was an Abuse of
      Discretion

Petitioner contends that respondent's determination to proceed with collection of her 1996 tax liability was an abuse of discretion because:  (1) The notice of deficiency is invalid because it was not signed by the Secretary; (2) the persons sending the notices of levy and determination did not have authority to do so; (3) respondent did not produce verification from the Secretary that requirements of applicable law and administrative procedure have been met; (4) respondent did not give petitioner copies of the law which makes her liable for income taxes; and (5) petitioner did not receive the notice and demand required by section 6303(a).  Petitioner's contentions are frivolous for reasons discussed next.

The Secretary, or the Secretary's delegate including the Commissioner, may issue notices of deficiency.  Stamos v. Commissioner, 95 T.C. 624, 629 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992).  The Commissioner may redelegate that authority to his or her subordinates.  Id. at 629-630.  Petitioner cites no authority, and we know of none, which requires the Commissioner to provide a copy to a taxpayer of the delegation orders for a notice of deficiency to be valid.

Internal revenue laws and regulations do not require the Appeals officer to give the taxpayer a copy of the delegation of

authority from the Secretary to the person (other than the Secretary) who signed the verification required under section 6330(c)(1).  Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).  Similarly, the Appeals officer is not required to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met. Id. at 166; sec. 6330(c)(1).  Section 301.6330-1(e)(1), Proced. & Admin. Regs., requires that the Appeals officer obtain verification before issuing the determination, not that he or she provide it to the taxpayer.  In any event, before the trial in this case, respondent's counsel gave petitioner a copy of the Form 4340 relating to petitioner's 1996 tax year.  The Form 4340 that respondent gave petitioner before trial showed that the amounts at issue were properly assessed, and petitioner did not show at trial any irregularity in the assessment procedure that would raise a question about the validity of the assessments. There is no requirement that the notice of intent to levy or the Appeals officer identify the Code sections which establish the taxpayer's liability for tax, additions to tax, or penalties. Nestor v. Commissioner, supra at 167.

Finally, we reject petitioner's contention that respondent did not issue the notice and demand required by section 6303(a). Respondent sent to petitioner a notice of balance due on May 29, 2000, the same day on which respondent assessed petitioner's tax

and interest for her 1996 tax year. A notice of balance due constitutes a notice and demand for payment under section 6303(a). Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).

We conclude that respondent's determination to proceed with collection of petitioner's 1996 tax liability was not an abuse of discretion.

C. Whether Petitioner Raised an Alternative to Collection

Petitioner said at the hearing that she would pay her taxes if respondent gave her copies of the law which states that she is a taxpayer liable for Federal income tax. Petitioner contends that this is an alternative to collection. We disagree; this contention is merely a variation of her other frivolous arguments. See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Koenig v. Commissioner, T.C. Memo. 2003-40; Keene v. Commissioner, T.C. Memo. 2002-277.

Accordingly,

An appropriate order and decision will be entered.