ROBERT P. COTTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cotton v. Commissioner
Docket No. 17023-90
United States Tax Court
T.C. Memo 1992-16; 1992 Tax Ct. Memo LEXIS 21; 63 T.C.M. (CCH) 1754; T.C.M. (RIA) 92016; January 8, 1992, Filed *21 An order and decision will be entered for respondent. Mary Wynne, for respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180, 181 and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion For Judgment On The Pleadings, filed on March 25, 1991. An Amendment To Motion For Judgment On The Pleadings was filed on April 1, 1991. The motion was calendared for hearing in San Francisco, California, on April 22, 1991. The motion was calendared for hearing in San Francisco, California, on April 22, 1991. Pursuant to Rule 50(c), petitioner filed a written response *22 to respondent's motion, together with supporting documents in lieu of attendance at the hearing. When this case was called from the calendar, counsel for respondent appeared and was heard. In three notices of deficiency, each dated April 27, 1990, respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:  Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
1985
$ 19,253
$ 4,813.25
$ 962.65
*
--
1986
22,405
5,601.25
--
--
$ 1,120.25
1987
17,855
4,463.75
--
--
892.75 Additions to Tax, Sections
Year
6653(a)(1)(B)
6654(a)
1985
--
$ 1,103.27
1986
*
1,084.03
1987
*
905.50
The primary adjustment in each notice of deficiency was the determination that petitioner received wage income for 1985, 1986, and 1987, in the respective amounts of $ *23 63,742, $ 70,642, and $ 66,270, which he failed to report. Petitioner filed a timely petition with this Court on July 30, 1990. He resided in San Rafael, California, at the time the petition was filed. The only assignments of error petitioner alleges are as follows: (1) Respondent "erroneously proposed an addition to estimated income tax" under the provisions of section 6651(a)(1); (2) respondent "failed to propose an addition to tax" under the provisions of section 6653(a)(1)(A); (3) respondent "erroneously determined interest due on an alleged underpayment of estimated income tax"; (4) respondent "erroneously issued the * * * notice of deficiency for an unpaid amount of estimated income tax"; and (5) respondent or his delegate "lacks the delegated authority to issue petitioner a notice of deficiency." The statements of fact upon which petitioner relies are as follows: (1) " 26 C.F.R. section 301.6651(a)(1) provides an exception to an addition to tax, provided for by I.R.C. Section 6651(a)"; (2) "Respondent failed to raise the presumption of correctness associated with the addition to tax" under section 6653(a)(1)(A); (3) "No interest is due on any unpaid portion or amount of *24 estimated income tax" provided by section 6601(h); (4) "Respondent is prohibited from assessing petitioner for an unpaid amount of estimated income tax" as provided by section 6201(b)(1); and (5) respondent or his delegate does not have the authority to issue petitioner a notice of deficiency. Respondent filed his Answer on September 6, 1990, and petitioner filed a Reply on October 1, 1990. In his Reply, petitioner further alleges, in paragraph 6, that "Respondent failed to issue petitioner a notice of deficiency within the meaning of 26 U.S.C. § 6212, 26 C.F.R. 301.6212, and IR Manual 4(13)14.3(4)(c)", and "Respondent's delegate is responsible for signing the notice of deficiency when the director's name is machine imprinted on the notice of deficiency". Petitioner's Objection filed April 18, 1991, is confusing and does not address, in any way, the matter contained in respondent's amended motion. Rule 120(a) provides that after the pleadings are closed and within such time as not to delay trial, any party may move for judgment on the pleadings. A motion for judgment on the pleadings is appropriate only where the pleadings do not raise a genuine issue of material fact, but rather *25 involve issues of law. Thus, respondent's motion is to be granted only if, on the admitted facts, the moving party is entitled to a decision as a matter of law. Anthony v. Commissioner, 66 T.C. 367 (1976). Rule 34(b)(4) provides in part that the petition shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of a deficiency or liability." Further, Rule 34(b)(5) provides in part that the petition shall contain "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Thus, the absence in the petition of specific justiciable allegations of error and of supporting facts would be sufficient to grant respondent's motion. Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Moreover, the determinations made by respondent in his notice of deficiency are presumed correct. Petitioner bears the burden to prove otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. *26 Any issue not raised in the pleadings is deemed conceded. Rule 34(b)(2); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). In his pleadings petitioner made no assignments of error with respect to: (1) Respondent's deficiency determinations for 1985, 1986, and 1987; (2) respondent's determination of additions to tax for 1985 under the provisions of section 6653(a)(1) and (2), and section 6654(a); and (3) respondent's determination of addition to tax for 1986 under the provisions of section 6654(a). As a result, these issues are deemed conceded. With regard to the section 6651(a)(1) additions for 1985, 1986, and 1987, this section provides, in part, that in the case of any failure to file a return required under subchapter A of chapter 61 by the due date, unless it is shown that the failure was due to reasonable cause and not due to willful neglect, the addition to tax imposed is equal to 5 percent of the amount of tax required to be shown on the return if the failure to file is for not more than one month, with an additional 5 percent for each month or fraction of a month that the failure continues. The addition to tax under section 6651(a)(1) may not exceed *27 25 percent in the aggregate. Here, because petitioner failed to file income tax returns for the taxable years in issue, respondent determined that the full 25 percent addition is applicable. Petitioner has failed in his petition to plead or state any facts, other than groundless facts, regarding the section 6651(a)(1) addition. Therefore, we consider the issue as not properly raised. We surmise that petitioner claims that the section 6651(a)(1) additions apply to his failure to file a declaration of estimated tax and make estimated tax payments. If this is true, he is incorrect as a matter of law and fact. The additions to tax in this case pertain to his failure to file Federal income tax returns for 1985, 1986, and 1987. Petitioner has failed to adequately plead or state any facts with regard to section 6653(a)(1)(A) and (B) additions for negligence or intentional disregard of rules or regulations by 1987. Therefore, we consider this issue as not properly raised. Petitioner also raises a "tax protester" type argument that respondent or his delegate lacks authority under section 6212 and section 301.6212-1, Proced. & Admin. Regs., to issue a notice of deficiency. This Court *28 has previously addressed this argument and rejected it. Stamos v. Commissioner, 95 T.C. 624 (1990), on appeal (9th Cir., Feb. 13, 1991). Based on the foregoing, respondent's Motion For Judgment On the Pleadings, as amended, will be granted. This is not the first time petitioner has been before the Court. In Robert P. Cotton v. Commissioner, docket No. 22641-88, petitioner sought a redetermination of deficiencies in Federal income tax and additions to tax for the taxable years 1983 and 1984. The case was calendared for trial at the Trial Session of the Court at San Francisco, California, on June 5, 1989. When the case was called from the calendar, there was no appearance by or on behalf of petitioner. Counsel for respondent appeared and filed a motion to dismiss for failure to properly prosecute. After due consideration and for cause appearing in the transcript of the proceedings, on June 26, 1989, we entered an Order of Dismissal and Decision wherein we granted respondent's motion to dismiss and sustained the following deficiencies in and additions to Federal income taxes for 1983 and 1984 as determined by respondent: Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1983
$ 41,602
$ -0-
$ 2,080
*
$ 10,048
1984
13,320
3,330
674
*
3,330
*29 Again, in Robert P. Cotton v. Commissioner at docket No. 18602-91, petitioner sought a redetermination of a deficiency and additions to tax for 1988. On September 30, 1991, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Petitioner filed his objection on October 18, 1991. The motion was heard in San Francisco, California, on October 21, 1991. Petitioner and counsel for respondent appeared and were heard. Petitioner raised the same groundless arguments as those made in the instant case. In our oral findings of fact and opinion rendered October 28, 1991, we addressed petitioner's claims and concluded that there were no justiciable issues raised in the pleadings and found that petitioner's allegations failed to state a claim upon which we could grant relief. In our Order of Dismissal and Decision entered December 10, 1991, *30 we granted respondent's motion to dismiss and sustained respondent's determinations that there was a deficiency in petitioner's 1988 Federal income taxes of $ 14,096 and additions to tax under sections 6651(a)(1), 6653(a)(1), and 6654(a), in the respective amounts of $ 3,320, $ 705, and $ 843. We believe that this case is a prime example of when it is appropriate for this Court, on its own motion, to require petitioner to pay a penalty to the United States. Section 6673(a)(1) provides in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless,
* * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
At the time petitioner filed his petition in this case on July 30, 1990, he was aware that his case, docket No. 22641-88, was dismissed for his failure to appear and prosecute. It is clear to us that this proceeding was brought by petitioner to delay the payment of *31 taxes lawfully due and owing to the United States. Furthermore, petitioner has not raised any justiciable issues in his pleadings in this case. Because we find that this proceeding has been instituted and maintained by petitioner primarily for delay and that his position is both frivolous and groundless, we require petitioner to pay a $ 10,000 penalty to the United States. To reflect the foregoing, An order and decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩
*. 50 percent of the interest on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations.↩